(No. 3921— )

DR. LOTTIE LANDE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed May 14, 1946.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

The above named claimant on July 19, 1945, filed her complaint pro se, seeking an award under the Occupational Diseases Act.

The matter comes up at this time on motion of the Attorney General to dismiss the complaint.

The complaint alleges that claimant was employed by respondent at the Dixon State Hospital and that on April 18, 1945, she contracted a disease known as jaundice and suffered therefrom from April 18 to April 20 inclusive. This disease recurred April 24 and she suffered therefrom to May 1; a second recurrence was on May 9. She was treated for this disease and returned to her employment on July 31, 1945. She seeks an award for salary during the time of her disability from May 10 to July 31 inclusive and certain hospital bills.

It is the contention of the Attorney General that the respondent has never elected to come within the provisions of the Workmen's Occupational Diseases Act and therefore the only liability of the respondent which can exist under any circumstances, is under Section 3 of said Act, and further that inasmuch as the complaint does not charge negligence by the employer or charge that claimant is suffering from an occupational disease contracted during the course of her employment, her claim should be dismissed.

Jaundice is not an occupational disease, it is an ordinary disease of life to which the general public is exposed

outside of the employment and is not compensable except where said disease follows as an incident of an occupational disease as defined in the Workmen's Occupational Diseases Act. *Ill. Rev. Stat. 1941,* Chap. 48 par. 172.6.

To justify an award under Section 3 of the Act, claimant must not only show that she sustained an injury to her health by reason of an occupational disease or illness contracted and sustained in the course of her employment, but it must also be clearly shown that the said disease or illness was contracted as the result of the negligence of the State. *Domke* vs. *State,* 12 C. C. R. 451.

This complaint fails to state a case; therefore, the motion of the Attorney General must be allowed.

Complaint dismissed.